

Bradley S. Phillips, SBN 85263
Stephen M. Kristovich, SBN 82164
Deborah N. Pearlstein, SBN 213102
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:   (213) 683-9100
Fax:   (213) 687-3702

Mark D. Rosenbaum SBN 59940
Daniel P. Tokaji, SBN 182114
ACLU FOUNDATION OF
1616 Beverly Blvd.
Los Angeles, CA  90026
Tel:   (213) 977-9500,
        ext. 224 or 276
Fax:   (213) 250-3919

Attorneys for all Plaintiffs
except AFL-CIO, Contreras, and Rankin
(Additional counsel next page)

Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6 ✓
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U S  DISTRICT COURT

MAY - 9 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

COMMON CAUSE, *et al.,*

                    Plaintiffs,

        vs.

BILL JONES, in his official capacity as
California Secretary of State,

                    Defendant.

CASE NO. 01-03470 SVW (RZx)

[PROPOSED] CONSENT
DECREE AND FINAL
JUDGMENT

[Hon. Stephen V. Wilson]

✓ Docketed
✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

ENTERED
CLERK, U.S. DISTRICT COURT

MAY - 9 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

[821339.2]

77

Alan L. Schlosser, SBN 49957
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
  SOUTHERN CALIFORNIA
1663 Mission Street, Ste. 460
San Francisco, CA  94103
Tel:   (415) 621-2493
Fax:   (415) 255-8437

Jordan C. Budd, SBN 144288
ACLU FOUNDATION OF SAN
DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA  92138
Tel:   (619) 232-2121
Fax:   (619) 232-0036

Attorneys for all Plaintiffs
except AFL-CIO, Contreras, and Rankin

Evan H. Caminker, SBN 127320
University of Michigan Law School[*]
625 S. State Street
Ann Arbor, MI  48109
Tel:   (734) 763-5695
     Fax:   (734) 763-9375


Stephen P. Berzon, SBN 46540
Jonathan Weissglass, SBN 185008
ALTSHULER, BERZON, NUSSBAUM,
  RUBIN & DEMAIN
177 Post Street, Ste. 300
San Francisco, CA  94108
Tel:   (415) 421-7151
Fax:   (415) 362-8064

Attorneys for Plaintiffs
AFL-CIO, Contreras, and Rankin

Jonathan P. Hiatt, SBN 63533
Laurence E. Gold
AFL-CIO
815 Sixteenth Street, N.W.
Washington, D.C.  20006
Tel:   (202) 637-5053
Fax:   (202) 637-5323


John C. Ulin SBN 165524
HELLER EHRMAN WHITE &
  McAULIFFE LLP
601 S. Figueroa Street, 40th Floor
Los Angeles, CA  90017-5758
Tel:   213 689-020
Fax:  213 614-18680

Attorneys for All Plaintiffs except AFL-CIO,
Miguel Contreras, Thomas Rankin,
Southern Christian Leadership Conference of
Greater Los Angeles, and Reverend Norman Johnson

[*] Institutional affiliation given for the purpose of identification only; counsel acting in individual capacity.

1         Pursuant to the Stipulation into which the parties entered on October

2    11, 2001 and confirmed by order of the Court on October 12, 2001 (a copy of

3    which is attached as Exhibit A and incorporated herein), judgment in this matter

4    may be entered according to the terms of the Court's February 19, 2002 Order (a

5    copy of which is attached as Exhibit B and incorporated herein).

6

7         The effective date of the decertification of Pollstar and Votomatic

8    voting systems in California is hereby advanced to March 1, 2004. Within 14 days

9    of the entry of this judgment, Secretary Jones shall issue a formal proclamation

10   confirming the advancement of the effective date of such decertification to March

11   1, 2004. Defendant Secretary of State Bill Jones shall retain any and all rights of

12   appeal of this judgment according to the terms set forth in Exhibit A. Defendant

13   Secretary of State Bill Jones does not admit or concede any of the claims or

14   allegations set forth in Plaintiffs' First Amended Complaint. All issues relating to

15   the potential recovery of attorneys' fees or costs shall be reserved for resolution by

16   the Court through a separate motion for attorneys' fees and/or bill of costs

17   according to the Court's ordinary procedures, or as may be agreed by the parties

18   and ordered by the Court.

19

20   Dated: May 6, 2002          MUNGER, TOLLES & OLSON LLP

21

22                         By: _____

23                               Bradley S. Phillips

                               Attorneys for All Plaintiffs, except AFL-

24                               CIO, Contreras, and Rankin

25

26

27

28

Dated: May _6_, 2002

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By: _Daniel P. Tokaji/_ bp
      Daniel P. Tokaji

Attorneys for All Plaintiffs, except AFL-CIO, Contreras, and Rankin

Dated: May _6_, 2002

HELLER EHRMAN WHITE & McAULIFFE LLP

By: _John C. Ulin/_ bp
      John C. Ulin

Attorneys for All Plaintiffs, except AFL-CIO, Miguel Contreras, Thomas Rankin, Southern Christian Leadership Conference of Greater Los Angeles, and Reverend Norman Johnson

Dated: May _6_, 2002

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN

By: _Jonathan Weissglass/_ bp
      Jonathan Weissglass

Attorneys for Plaintiffs AFL-CIO, Contreras, and Rankin

Dated: May ___, 2002

BILL LOCKYER, Attorney General of the State of California
ANDREA LYNN HOCH, Senior Assistant Attorney General
LOUIS R. MAURO, Leading Supervising Deputy Attorney General
TIMOTHY M. MUSCAT
DOUGLAS J. WOODS

By:_____
      Douglas J. Woods

Attorneys for Defendant Bill Jones

[821339.2]

2

| | |
|---|---|
| 1 | |
| 2 | Dated: May ___, 2002 |
| 3 | |

Dated: May ___, 2002

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

By:_____
         Daniel P. Tokaji
Attorneys for All Plaintiffs, except AFL-CIO, Contreras, and Rankin

Dated: May ___, 2002

**HELLER EHRMAN WHITE & McAULIFFE LLP**

By:_____
         John C. Ulin
Attorneys for All Plaintiffs, except AFL-CIO, Miguel Contreras, Thomas Rankin, Southern Christian Leadership Conference of Greater Los Angeles, and Reverend Norman Johnson

Dated: May ___, 2002

**ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN**

By:_____
         Jonathan Weissglass
Attorneys for Plaintiffs
AFL-CIO, Contreras, and Rankin

Dated: May 6, 2002

BILL LOCKYER, Attorney General
  of the State of California
ANDREA LYNN HOCH, Senior Assistant
  Attorney General
LOUIS R. MAURO, Leading Supervising
  Deputy Attorney General
TIMOTHY M. MUSCAT
DOUGLAS J. WOODS

By:_____
         Douglas J. Woods
Attorneys for Defendant Bill Jones

[821339.2]

2

1

**ORDER**

2

    The Court hereby enters judgment for Plaintiffs in accordance with the terms

3

4

of the foregoing, all of which are incorporated into and made part of the final

5

judgment of the Court.

6

    IT IS SO ADJUDGED, ORDERED, AND DECREED.

7

8

9

Dated: 5/8/02

10

Stephen V. Wilson
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[821339.2]

3

1   Bill Lockyer, Attorney General of the State of
       California
2   Louis R. Mauro (SBN 132538)
       Supervising Deputy Attorney General
3   Timothy M. Muscat (SBN 148944)
       Deputy Attorney General
4   Douglas J. Woods (SBN 161531)
       Deputy Attorney General
5   1300 I Street, P.O. Box 944255
    Sacramento, CA 94244-2550
6   Tel:   (916) 324-4663
    Fax:   (916) 324-8835
7
    Attorneys for Defendant
8   Bill Jones
9   Mark D. Rosenbaum SBN 59940
    Daniel P. Tokaji, SBN 182114
10  ACLU FOUNDATION OF
       SOUTHERN CALIFORNIA
11  1616 Beverly Blvd.
    Los Angeles, CA 90026
12  Tel:   (213) 977-9500,
            ext. 224 or 276
13  Fax:   (213) 250-3919
14  Attorneys for all Plaintiffs
    except AFL-CIO, Contreras, and Rankin
15  (Additional counsel next page)
16

**FILED**
CLERK, U.S. DISTRICT COURT

OCT 12 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

ORIGINAL

LODGED

'01 OCT 17  PM 1:20

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

COMMON CAUSE, SOUTHERN CHRISTIAN
20  LEADERSHIP CONFERENCE OF GREATER LOS
    ANGELES, SOUTHWEST VOTER REGISTRATION
    EDUCATION PROJECT, CHICANO FEDERATION
21  OF SAN DIEGO COUNTY, AMERICAN
    FEDERATION OF LABOR AND CONGRESS OF
22  INDUSTRIAL ORGANIZATIONS, BRYAN CAHN,
    MIGUEL CONTRERAS, LAURA HO, REVEREND
23  NORMAN JOHNSON, JOANNE McKRAY, TRISHA
    MURAKAWA, THOMAS RANKIN, and BOB
24  RICHARDS,

25                    Plaintiffs,

26       vs.

     BILL JONES, in his official capacity as California
27   Secretary of State,

28                    Defendant.

CASE NO. 01-03470 SVW (RZx)

STIPULATION AND ~~PROPOSED~~
ORDER

[769641 2]

ENTERED ON ICMS

3H

1   Bradley S. Phillips, SBN 85263
    Stephen M. Kristovich, SBN 82164
2   John C. Ulin, SBN 165524
    MUNGER, TOLLES, & OLSON, LLP
3   355 S. Grand Ave.
    35th Floor
4   Los Angeles, CA  90071
    Tel:    (213)  683-9100
5   Fax:    (213)  687-3702

6

7   Alan L. Schlosser, SBN 49957
    ACLU FOUNDATION OF
8       NORTHERN CALIFORNIA
    1663 Mission Street, Ste. 460
    San Francisco, CA  94103
9   Tel:   (415) 621-2493
    Fax:   (415) 255-8437
10

11  Jordan C. Budd, SBN 144288
    ACLU FOUNDATION OF SAN DIEGO &
        IMPERIAL COUNTIES
12  P.O. Box 87131
    San Diego, CA  92138
13  Tel:   (619) 232-2121
    Fax:   (619) 232-0036

14

15  Attorneys for all Plaintiffs
    except AFL-CIO, Contreras, and Rankin

16

17  Stephen P. Berzon, SBN 46540
    Jonathan Weissglass, SBN 185008
    ALTSHULER, BERZON, NUSSBAUM,
18      RUBIN & DEMAIN
    177 Post Street, Ste. 300
19  San Francisco, CA  94108
    Tel:   (415) 421-7151
20  Fax:   (415) 362-8064

21  Attorneys for Plaintiffs
    AFL-CIO, Contreras, and Rankin

22

23  Jonathan P. Hiatt, SBN 63533
    Laurence E. Gold
    AFL-CIO
24  815 Sixteenth Street, N.W.
    Washington, D.C.  20006
25  Tel:   (202) 637-5053
    Fax:   (202) 637-5323

26

    Attorneys for Plaintiff AFL-CIO
27

28

Evan H. Caminker, SBN 127320
    University of Michigan Law School
625 S. State Street
Ann Arbor, MI  48109
Tel:    (734) 763-5695
Fax:    (734) 763-9375

---

Institutional affiliation given for the purpose of identification only; counsel acting in individual capacity.

[769641.2]

Plaintiffs and Defendant hereby stipulate as follows:

1.    Defendant has decertified Votomatic and Pollstar punch-card voting systems for use in California elections pursuant to Government Code § 12175.2 and Elections Code § 19222, and this decertification is effective no later than January 1, 2006. Defendant shall not revoke this decertification.

2.    The parties agree that the case should proceed to the issue of whether it is feasible to replace Votomatic and Pollstar punch-card voting systems with other certified voting equipment in the nine California counties that currently use such systems in advance of either the 2004 primary election or the 2004 general election, which will be the only issue remaining in the case prior to the parties entering into a consent decree. This is not to be construed as an admission or concession by Defendant of any of the claims or allegations set forth in Plaintiffs' First Amended Complaint in this action.

3.    Discovery limited to the timing and feasibility of replacing Votomatic and Pollstar punch-card voting systems with other certified voting equipment may proceed immediately, without prejudice to the parties' rights to object to particular discovery. All discovery disputes shall be submitted directly to the Honorable Stephen V. Wilson for resolution on an expedited basis.

4.    The parties will attempt to finalize a consent decree fully resolving this action by December 14, 2001. If the parties are unable to reach agreement on a consent decree by that date, Plaintiffs and Defendant shall present evidence and argument to the Court with respect to whether it is feasible to replace Votomatic and Pollstar punch-card voting systems with other certified voting equipment in the nine California counties that currently use such systems in advance of either the 2004 primary election or 2004 general election. Although Defendant does not admit or concede any of the claims or allegations set forth in Plaintiffs' First Amended Complaint, the Court shall, in determining whether it is feasible to replace such systems in advance of either 2004 election, apply the same standards that would have applied if Plaintiffs had prevailed on the merits of their claims. The specifics of such standards, and how they would apply to the facts regarding the feasibility issue, will be argued by the parties and determined by

[769641.2]

1    the Court in connection with the applicable trial or hearing.  Any party may file a motion for

2    summary judgment with respect to feasibility at any time, without prejudice to any party's right to

3    request or to oppose a postponement of briefing and/or argument on such motion.  The trial date

4    of January 15, 2002 shall remain in effect for purposes of any trial or evidentiary hearing on

5    feasibility.

6           5.     If the Court determines that it is feasible to replace Votomatic and Pollstar

7    punch-card voting systems with other certified voting equipment in advance of either 2004

8    election, Defendant shall consent to entry of a consent decree, without admitting or conceding

9    any of the claims or allegations set forth in Plaintiffs' First Amended Complaint, that requires

10   advancing the effective date of decertification to a date prior to such 2004 election  The parties

11   agree that they shall not be entitled to and will not contest the validity of such consent decree

12   based on the absence of a determination on the merits of Plaintiffs' claims.  The parties shall

13   otherwise be free to appeal from or otherwise contest the Court's ruling on the issue of whether it

14   is feasible to replace the Votomatic and Pollstar punch-card voting systems with other certified

15   voting equipment in advance of the 2004 elections.

16

17   Dated:                           **MUNGER, TOLLES & OLSON, LLP**

18

19                                    _Bradley S. Phillips_

20                                    By:     Bradley S. Phillips

21                                    Attorneys for Plaintiffs, Common Cause, Southern
                                      Christian Leadership Conference of Greater Los
22                                    Angeles, Southwest Voter Registration Education
                                      Project, Chicano Federation of San Diego, Bryan
23                                    Cahn, Laura Ho, Reverend Norman Johnson, Joanne
                                      McCray, Trisha Murakawa and Bob Richards
24

25

26

27

28

[769641.2]

1

2   Dated:                          **ALTSHULER, BERZON, NUSSBAUM, RUBIN**
                                    **& DEMAIN**

3

4                                   By:      Stephen Berzon

5

6                                   Attorney for Plaintiffs, American Federation of
                                    Labor and Congress of Industrial Organizations
7                                   (AFL-CIO), Miguel Contreras and Thomas Rankin

8

9   Dated:                          **BILL LOCKYER, Attorney General**
                                      **of the State of California**
10                                  **TIMOTHY M. MUSCAT**
                                      Deputy Attorney General
11                                  **DOUGLAS J. WOODS**
                                      **Deputy Attorney General**
12

13

14                                  By:

15                                  Attorneys for Defendant, Bill Jones

16

17

18

19

20

21                                        **ORDER**

22        IT IS SO ORDERED.

23   Dated

24                                        _See page 5_
                                    JUDGE STEPHEN V. WILSON
25

26

27

28

[769641.2]                          - 4 -

1

2    Dated:

3

4

5

6

7

8

9    Dated:  (O - //- 0/

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Dated  10/12/2001

24

25

26

27

28

ALTSHULER, BERZON, NUSSBAUM, RUBIN
& DEMAIN


By:     Stephen Berzon

Attorney for Plaintiffs, American Federation of
Labor and Congress of Industrial Organizations
(AFL-CIO), Miguel Contreras and Thomas Rankin

BILL LOCKYER, Attorney General
  of the State of California
TIMOTHY M. MUSCAT
  Deputy Attorney General
DOUGLAS J. WOODS
  Deputy Attorney General


By: Tim Muscat

Attorneys for Defendant, Bill Jones


**ORDER**

IT IS SO ORDERED.


JUDGE STEPHEN V. WILSON

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 South Grand Avenue, Los Angeles, California 90071.

On October 11, 2001, I served the foregoing document described as

STIPULATION AND PROPOSED ORDER

on the interested party in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Timothy M. Muscat
Deputy Attorney General
1300 I Street, P.O. Box 944255
Sacramento, CA 94244-2550

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service is made.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2001, at Los Angeles, California.

_____
Marian Cerilly

ORIGINAL

LODGED

1  Bradley S. Phillips, SBN 85263
   Stephen M. Kristovich, SBN 82164
2  John C. Ulin, SBN 165524
   Deborah N. Pearlstein, SBN 213102
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
4  Los Angeles, CA 90071
   Tel:   (213) 683-9100
5  Fax:   (213) 687-3702
6  Attorneys for all Plaintiffs
   except AFL-CIO, Contreras, and Rankin
7
8
9
10

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



FILED
CLERK, U.S. DISTRICT COURT

02-19-02

FEB 19 2002

CENTRAL DISTRICT OF CALIFORNIA
BY            DEP'T.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

11  COMMON CAUSE, SOUTHERN
    CHRISTIAN LEADERSHIP CONFERENCE
12  OF GREATER LOS ANGELES,
    SOUTHWEST VOTER REGISTRATION
13  EDUCATION PROJECT, CHICANO
    FEDERATION OF SAN DIEGO COUNTY,
14  AMERICAN FEDERATION OF LABOR
    AND CONGRESS OF INDUSTRIAL
15  ORGANIZATIONS, BRYAN CAHN,
    MIGUEL CONTRERAS, LAURA HO,
16  REVEREND NORMAN JOHNSON, JOANNE
    McKRAY, TRISHA MURAKAWA,
17  THOMAS RANKIN, and BOB RICHARDS,

18                  Plaintiffs,

19          vs.

20  BILL JONES, in his official capacity as
    California Secretary of State,

21                  Defendant.

CASE NO. 01-03470 SVW
(RZx)

[PROPOSED] ORDER

[Hon. Stephen V. Wilson]



22
23
24
25      ✓ Docketed
        ✓ Copies / NTC Sent
26      A70 JS - 5 / JS - 6
        ___ JS - 2 / JS - 3
27      ___ CLSD
28

(61)

[801350.2]

1   Mark D. Rosenbaum SBN 59940
    Daniel P. Tokaji, SBN 182114
2   ACLU FOUNDATION OF
      SOUTHERN CALIFORNIA
3   1616 Beverly Blvd.
    Los Angeles, CA  90026
4   Tel:   (213) 977-9500,
              ext. 224 or 276
5   Fax:  (213) 250-3919

6   Alan L. Schlosser, SBN 49957
    ACLU FOUNDATION OF
7     NORTHERN CALIFORNIA
    1663 Mission Street, Ste. 460
8   San Francisco, CA  94103
    Tel:   (415) 621-2493
9   Fax:  (415) 255-8437

10  Jordan C. Budd, SBN 144288
    ACLU FOUNDATION OF SAN DIEGO &
11    IMPERIAL COUNTIES
    P.O. Box 87131
12  San Diego, CA  92138
    Tel:   (619) 232-2121
13  Fax:  (619) 232-0036

14  Attorneys for all Plaintiffs
    except AFL-CIO, Contreras, and Rankin
15

16  Stephen P. Berzon, SBN 46540
    Jonathan Weissglass, SBN 185008
17  ALTSHULER, BERZON, NUSSBAUM,
      RUBIN & DEMAIN
18  177 Post Street, Ste. 300
    San Francisco, CA  94108
19  Tel:   (415) 421-7151
    Fax:  (415) 362-8064
20
    Attorneys for Plaintiffs
21  AFL-CIO, Contreras, and Rankin

22  Jonathan P. Hiatt, SBN 63533
    Laurence E. Gold
23  AFL-CIO
    815 Sixteenth Street, N.W.
24  Washington, D.C.  20006
    Tel:   (202) 637-5053
25  Fax:  (202) 637-5323

26  Attorneys for Plaintiff AFL-CIO

Evan H. Caminker, SBN 127320
University of Michigan Law School
        625 S. State Street
Ann Arbor, MI  48109
        Tel:   (734) 763-5695
Fax:  (734) 763-9375

27
28  * Institutional affiliation given for the purpose of identification only; counsel acting
    in individual capacity.

1.     The Court, having considered the evidence submitted and the arguments of counsel, hereby enters the following findings of fact and conclusions of law in support of its ruling that it is feasible for the nine California counties that currently use Votomatic or Pollstar pre-scored punch card voting systems to convert to "other certified voting equipment" in advance of the March 2004 elections.

2.     The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and § 1343.

3.     Plaintiffs in this action include Common Cause, the SCLC of Greater Los Angeles, Southwest Voter Registration Education Project, and the AFL-CIO; Plaintiffs also include U.S. citizens residing in California counties that use Votomatic and Pollstar pre-scored punch card voting systems in state, local, and federal election contests.

4.     Defendant Bill Jones is the California Secretary of State.  Pursuant to California Elections Code § 19100 *et seq.*, the Secretary of State is the chief election officer of the State of California and has responsibility for general supervision and administration of election laws, including setting standards for, and certifying and decertifying, voting machines and systems.

5.     Plaintiffs filed this action for declaratory and injunctive relief on April 17, 2001, alleging ongoing violations of the fundamental right to vote, arising from the certification and use of pre-scored punch card ("PPC") voting systems in nine California counties (the "PPC counties").  Plaintiffs' First Amended Complaint alleges that citizens who reside in the PPC counties are substantially less likely than citizens in other counties to have their votes counted.  Plaintiffs separately allege that three groups of citizens – African-Americans, Asian-Americans, and Latinos – are disproportionately denied the right to have their votes counted because they are more likely to reside in the counties that use PPC machines.

6.     Plaintiffs' First Amended Complaint pled two claims for relief, the first under the Fourteenth Amendment for deprivation of equal protection of the law

[801350.2]                                                1

1   and of the fundamental right to vote, and the second under Section 2 of the Voting

2   Rights Act for denial of Plaintiffs' right to vote on account of race.

3       7.      On August 24, 2001, this Court denied Defendant's motion for

4   judgment on the pleadings, finding that Plaintiffs had alleged facts sufficient to

5   support both their constitutional and statutory claims.

6       8.      On September 18, 2001, Defendant decertified Votomatic and Pollstar

7   pre-scored punch card voting systems for use in California pursuant to Cal. Govt.

8   Code § 12172.5 and Cal. Elections Code § 19222.  Decertification was made

9   effective January 1, 2006.  The Secretary's decertification of these voting systems

10  reflects his conclusion that they "fail[] to meet the standards set forth in California

11  election law."  California Voting Systems Certification Procedures § 1201 (stating

12  the standard for decertification), Exh. 537.  On December 17, 2001, the Secretary

13  announced that decertification would be advanced to July 1, 2005.

14      9.      As a result of decertification, it was no longer necessary for the Court

15  to determine whether PPC voting systems should be decertified in California.  The

16  only remaining issue for the Court to decide was when that decertification should

17  become effective.  Accordingly, the parties stipulated to an Order, entered by this

18  Court on October 12, 2001, which provides that the "only issue remaining in the

19  case" is "whether it is feasible to replace Votomatic and Pollstar punch-card voting

20  systems with other certified voting equipment in the [PPC counties] in advance of

21  either the 2004 primary election or the 2004 general election . . . ."  Order of

22  October 12, 2001 ¶ 2 [hereinafter "Order"].  The Order further provides that in

23  resolving the feasibility issue, "the Court shall . . . apply the same standards that

24  would have applied if Plaintiffs had prevailed on the merits of their claims."  Order

25  ¶ 4.

26      10.     The Order limits the Court's role to resolving the feasibility issue.  "If

27  the Court determines that it is feasible to replace Votomatic and Pollstar punch-card

28  voting systems with other certified voting equipment in advance of either 2004

[801350.2]                                         2

1  election," the Order mandates (and Defendant stipulated) that "Defendant shall

2  consent to entry of a consent decree . . . that requires advancing the effective date of

3  decertification to a date prior to such 2004 election." Order ¶ 5.

4      11.   Nine counties in California employed PPC voting systems during the

5  November 2000 presidential election. These counties are Los Angeles, San Diego,

6  San Bernardino, Sacramento, Alameda, Mendocino, Santa Clara, Shasta and

7  Solano. Exh. 511, Tab 4. These counties together comprise 8.4 million registered

8  voters. Exh. 121; Exh. 166.

9      12.   The Court finds that it is feasible for the nine PPC counties to convert

10  to "other certified voting equipment" by March 2004. This finding is based both on

11  concessions that Defendant has made and on uncontroverted evidence cited by

12  Plaintiffs.

13      13.   At the pre-trial conference on February 4, 2002, Defendant conceded

14  in open court that all nine PPC counties can convert to "other certified" voting

15  systems in advance of the 2004 elections. That concession was consistent with the

16  position taken by Defendant in discovery responses. *See* Defendant's Responses to

17  Plaintiff's Interrogatories Nos. 1 & 5. Moreover, Defendant's concessions are

18  supported by the uncontroverted evidence, including earlier statements by

19  Defendant and the testimony of election officials from the PPC counties. Exh. 508

20  at 9-10; Mott-Smith Depo. at 362:20; McPherson Depo. at 74:22-75:10; Gonzales

21  Depo. at 63:15-25; Hawkins Depo. at 142:25-143:5; Clark Depo. at 72:11-15.

22      14.   Defendant's concessions and the uncontroverted evidence in the record

23  concerning the ability of the PPC counties to convert to various types of "other

24  certified voting equipment" by 2004 dispose of the "only issue remaining in the

25  case." It is plainly feasible for the PPC counties to convert to "other certified

26  voting equipment" by March 2004.

27      15.   The Court finds no merit in Defendant's contention that, in order to

28  hold that it is "feasible" for the PPC counties to convert to "other certified voting

[801350.2]

1    equipment" by 2004, this Court must find that each county can implement the most

2    modern voting system available, which Defendant defines as *conversion to touch*

3    *screen voting only*.

4         16.   Because they share many of the attributes of contracts, consensual

5    stipulations between parties are interpreted "according to the general principles of

6    contract construction." *USX Corp. v. Penn Central Corp.*, 130 F.3d 562, 566 (3d

7    Cir. 1997); *accord Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).  Under

8    these principles, Defendant's proposed construction of the Order's call for a

9    determination of whether such conversion is "feasible" must be rejected because it

10   runs afoul of the basic maxim that the words of a contract must "be given their

11   ordinary meaning," and, "whenever possible, the  plain  language of the contract

12   should be considered first." *Yang Ming Marine Transp. Corp. v. Okamoto*

13   *Freighters Ltd.*, 259 F.3d 1086, 1092 (9th Cir. 2001).

14        17.   "The plain meaning of the word 'feasible' . . . [is] 'capable of being

15   done, executed or effected.'" *American Textile Mfrs. Inst., Inc. v. Donovan*, 452

16   U.S. 490, 508-09, 101 S. Ct. 2478, 2490, 69 L. Ed. 2d 185, 201-02 (1981) (quoting

17   Webster's Third New International Dictionary of the English Language 831

18   (1976)).  This definition has been adopted by both the Supreme Court, *id.*, and the

19   Ninth Circuit, *ASARCO, Inc. v. OSHA*, 746 F.2d 483, 495 (9th Cir. 1984); *Donovan*

20   *v. Castle & Cooke Foods*, 692 F.2d 641, 647 (9th Cir. 1982), in various contexts.[1]

21   [1] A feasibility standard "cannot be construed" to incorporate a cost-benefit analysis.
     *American Textile Mfrs.*,  452 U.S. at 509, 511-12 (rejecting cost-benefit analysis in
22   application of provisions of the Occupational Safety and Health Act that require the
     Secretary of Labor to set standards that assure to the extent "feasible" that no
23   employee will suffer material impairment of health); *Friends of the Boundary*
     *Waters Wilderness v. Robertson*, 978 F.2d 1484, 1487-88 (8th Cir. 1992) (rejecting
24   cost-benefit analysis in application of an environmental statute prohibiting
     motorized portage of canoes unless a non-motorized alternative was not "feasible").
25   To the contrary, the very establishment of such a standard presumes that the
     balance has been struck in favor of the benefit resulting from the act whose
26   feasibility is being tested. *American Textile Mfrs.*, 452 U.S. at 509.  If something is
     "capable of being done" it is "feasible" within the ordinary meaning of that word,
27   and a feasibility standard, such as is established by ¶ 2 of the Order, requires proof
     of nothing more. *Id.*; *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401
28   U.S. 402, 411, 91 S. Ct. 814, 821, 28 L. Ed. 2d 136 (1971) (statutory provision
     prohibiting highway construction in park land unless there is no "feasible"

18.   The plain language of the Order establishes that the "only issue" for trial is whether the nine PPC counties are capable of converting to "other *certified voting equipment*" by 2004 – not whether they can convert to their most preferred systems or the most modern systems by that date, as Defendant suggests.[2]  Because Defendant's concessions and the uncontroverted evidence clearly establish that all nine counties can convert to another certified system by March 2004, the Court finds for Plaintiffs on the feasibility issue.[3]

19.   Because it is not necessary to reach this issue, the Court makes no finding with respect to whether it is feasible for the PPC counties to convert to touch screen or other advanced voting systems by 2004.  ~~The Court notes, however, that Plaintiffs have cited extensive evidence that supports the conclusion that conversion to such advanced systems can be completed in time for the 2004 elections.  *See* Plaintiff's Memorandum of Contentions of Fact and Law at 10-25; Plaintiff's Trial Brief at 15-20.~~

20.   For the foregoing reasons, the Court finds that it is feasible for the nine PPC Counties to replace Votomatic and Pollstar systems with other certified voting systems in advance of the March 2004 elections.  In light of that finding, pursuant

---

alternative admits of "little administrative discretion;" a balancing of interests is inappropriate if the highway can be built along "any other route").

[2] The term "other certified voting equipment" means any of the other voting systems that are currently certified in the State of California or that will be certified in the State in advance of the March 2004 elections.  By certifying voting systems for use in the State of California, Defendant attests as a matter of law that such certified systems, *inter alia*, "can be safely used" in California elections.  Cal. Elections Code § 19207.

[3] The Court further notes that Defendant cannot guarantee that any of the PPC counties will convert to touch screen voting even if decertification were delayed until July 2005.  As Defendant concedes, the choice of which certified voting system to use is a policy decision for the counties, not the Secretary of State, to make.  *See* Dft's. Memorandum of Contentions of Fact and Law at 2 n.1 ("Of the voting systems certified by the Secretary, the choice which to adopt is left up to the local entity responsible for conducting the election."); Cal. Elections Code § 19210 ("The governing board may adopt . . . any kind of voting system . . ., provided that the use of the voting system . . . has been approved by the Secretary of State.").  While the Secretary of State may believe that all nine counties should convert to touch screen voting systems, there is no requirement that they do so, regardless what date is set for decertification.

1   to the October 12, 2001 Stipulation and Order, "Defendant shall consent to entry of

2   a consent decree . . . that requires advancing the effective date of decertification to a

3   date prior to" the March 2004 election.  The parties shall lodge a form of consent

4   decree no later than seven calendar days after the date of this Order.  The Court will

5   address issues relating to costs and attorneys fees after appropriate proceedings and

6   in a separate order.

7

8         IT IS SO ORDERED.

9

10   Dated: February/ 7 , 2002

     Honorable Stephen V. Wilson

11   United States District Judge

12

13   Submitted by:

14   MUNGER, TOLLES & OLSON LLP

15

16   By:

17         Bradley S. Phillips

18   Attorneys for all Plaintiffs except AFL-CIO,
     Contreras, and Rankin

19

20   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN

21

22   By:

23         Jonathan Weissglass

     Attorneys for Plaintiffs AFL-CIO, Contreras,

24   and Rankin

25

26

27

28

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

On February 14, 2002, I served the foregoing document described as  on the **[PROPOSED] ORDER** interested parties in this action by placing true and correct copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the envelopes would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 14, 2002, at Los Angeles, California.

Irene M. Juarez

# SERVICE LIST

Mark D. Rosenbaum, Esq.
Daniel P. Tokaji, Esq.
ACLU Foundation of
  Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026

(Attorneys for all Plaintiffs except
AFL-CIO, Contreras, and Rankin)

Stephen P. Berzon, Esq.
Altshuler, Berzon, Nussbaum,
  Rubin & Demain
Suite 300, 177 Post Street
San Francisco, CA 94108

(Attorneys for Plaintiffs, American
Federation of Labor and Congress of
Industrial Organizations (AFL-CIO),
Miguel Contreras and Thomas Rankin)

Alan L. Schlosser, Esq.
ACLU Foundation of
  Northern California
1663 Mission Street, Ste. 460
San Francisco, CA 94103

(Attorneys for all Plaintiffs except
AFL-CIO, Contreras, and Rankin)

Evan H. Caminker, Esq.
University of Michigan Law School
625 S. State Street
Ann Arbor, MI 48109

(Attorneys for all Plaintiffs except AFL-
CIO, Contreras, and Rankin)

Jonathan P. Hiatt, Esq.
Laurence E. Gold, Esq.
AFL-CIO
815 Sixteenth Street, N.W.
Washington, D.C. 20006

(Attorneys for Plaintiff AFL-CIO)

Jordan C. Budd, Esq.
ACLU Foundation of San Diego &
Imperial Counties
P.O. Box 87131
San Diego, CA 92138

(Attorneys for all Plaintiffs except AFL-
CIO, Contreras, and Rankin)

Douglas J. Woods, Esq.
Deputy Attorney General
Department of Justice
State of California
1300 I Street
Suite 125
Sacramento, CA 94244-2550

(Attorneys for Defendant Bill Jones)

[748024.1]

8

**PROOF OF SERVICE BY MAIL**

1

2          I am employed in the County of Los Angeles, State of California.  I am over the

3    age of 18 and not a party to the within action.  My business address is 355 South Grand Avenue,

4    Thirty-Fifth Floor, Los Angeles, California  90071-1560.

5          On May 6, 2002, I served the foregoing document described as **[PROPOSED]**

6    **CONSENT DECREE AND FINAL JUDGMENT** on the interested parties in this action by

7    placing true and correct copies thereof enclosed in sealed envelopes addressed as follows:

8                    **PLEASE SEE ATTACHED SERVICE LIST**

9          I am "readily familiar" with the firm's practice of collection and processing

10   correspondence for mailing.  Under that practice the envelopes would be deposited with the U.S.

11   postal service on that same day with postage thereon fully prepaid at Los Angeles, California in

12   the ordinary course of business.  I am aware that on motion of the party served, service is

13   presumed invalid if postal cancellation date or postage meter date is more than one day after date

14   of deposit for mailing affidavit.

15          I declare under the penalty of perjury that the foregoing is true and correct.

16          Executed on May 6, 2002, at Los Angeles, California.

17

18

19                                          _____
                                                     Norine C. Mar

20

21

22

23

24

25

26

27

28

[748024.1]                                     5

1

## SERVICE LIST

2

3  Louis R. Mauro, Esq.
   Supervising Deputy Attorney General
4  Office of the Attorney General of the State of
   California
5  Department of Justice
   P. O. Box 944255
6  Sacramento, California 94244-2550
   Fax: (916) 324-8835
7
   Attorney for Defendant
8  Bill Jones, Secretary of State

9  Mark D. Rosenbaum, Esq.
   Daniel P. Tokaji, Esq.
10 ACLU Foundation of Southern California
   1616 Beverly Boulevard
11 Los Angeles, CA 90026
   Fax: (213) 250-3919
12
   Attorneys for all Plaintiffs except AFL-CIO,
13 Contreras, and Rankin

14 Alan L. Schlosser, Esq.
   ACLU Foundation of Northern California
15 1663 Mission Street, Ste. 460
   San Francisco, CA 94103
16 Fax; (415) 255-8347

17 Attorneys for all Plaintiffs except AFL-CIO,
   Contreras, and Rankin
18

19 Jonathan P. Hiatt, Esq.
   Laurence E. Gold, Esq.
20 AFL-CIO
   815 Sixteenth Street, N.W.
21 Washington, D.C. 20006
   Fax: (202) 637-5323
22
   Attorneys for Plaintiff AFL-CIO
23

Stephen P. Berzon, Esq.
Altshuler, Berzon, Nussbaum,
  Rubin & Demain
Suite 300, 177 Post Street
San Francisco, California 94108
Fax: (415) 362-8064

Attorneys for Plaintiffs, American
Federation of Labor and Congress of
Industrial Organizations (AFL-CIO),
Miguel Contreras and Thomas Rankin

Evan H. Caminker, Esq.
University of Michigan Law School
625 S. State Street
Ann Arbor, MI 48109
Fax: (734) 763-9375

Attorneys for all Plaintiffs except
AFL-CIO, Contreras, and Rankin

Jordan C. Budd, Esq.
ACLU Foundation of San Diego &
Imperial Counties
P.O. Box 87131
San Diego, CA 92138
Fax: (619) 232-0036

Attorneys for all Plaintiffs except
AFL-CIO, Contreras, and Rankin

John C. Ulin
Heller Ehrman White & McAuliffe LLP
601 S. Figueroa Street, 40th Fl.
Los Angeles, CA 90017-5758
Fax: (213) 614-1868

Attorneys for All Plaintiffs except AFL-
CIO, Miguel Contreras, Thomas Rankin,
Southern Christian Leadership Conference
of Greater Los Angeles, and Reverend
Norman Johnson

24

25

26

27

28

[748024.1]                                6